Good morning, ladies and gentlemen. We'll hear the cases in the order listed. Divide your time as you like between your argument in chief and rebuttal and between counsel on the same side. You need not ask for leave. When the light turns red, it means you're done, and even though the figures keep changing on the clock, they're telling you how much over the time limit you've gone. Barrow v. Payne is submitted. Quezada v. Dazza v. U.S. is submitted. Coop v. Lehman is submitted. We'll hear Morrison v. Mahoney. Good morning, Your Honors. If it pleases the Court, my name is Michael Donahoe. I work for the Federal Defender's Office in Montana, and I'm here on behalf of Mr. Morrison this morning. We have two issues to bring before the Court today, one involving waiver and one involving exhaustion. The latter claim is a non-certified claim. I'd like to bring that to the Court's attention. Tell me if I've got the waiver claim right, in terms of what happened. The petition was filed. The government did not immediately file an answer because Rule 12 lets you file a motion first. They filed a motion to dismiss on statute of limitations. They thought they had a lock on statute of limitations because of what Ninth Circuit law has been, but it changed, and they lost on that. It came back, and then they filed a motion on the procedural default. Is that correct? Yes, Your Honor. Now, I don't understand why that would be a waiver, because the time that you waive things under Rule 12 in an ordinary civil case is when you file your answer, and you don't put it in as an affirmative defense. As long as you're still filing motions and the judge didn't say you have to put all your motions together in one motion to dismiss, the way I remember civil practice in the district court, that was fine. So what's the problem? Well, the problem as we see it, Your Honor, first I want to indicate to the Court that this claim was pled in pro se status, and it comes before the court with this Court issuing or, I'm sorry, the lower court issuing this waiver. So what? We're not talking about him waiving something. We're talking about whether the State waived something. I understand that, Your Honor. But I guess the analysis is, is that the express waiver in the paper that was filed when the case came back down, the express waiver by the State after the statute of limitations defense had been resolved by this Court, the case was remanded. The government or the State of Montana filed a paper that said we would just as soon have this case proceed through the Federal courts. We're not going to deal with any equitable tolling issues. That's the nature of the waiver. That language is expressly set forth in the blue brief, and we contend that it was an express waiver and that the State was thereupon telling the Court that it wanted to get to the merits of the case, deal with the matter, have it resolved, and move on. But how could they have raised it earlier and still had an opportunity to challenge the statute of limitations? I don't understand the question. Well, in terms of that, you know, on the 12b, they challenged the statute of limitations and they lost because of the change in law. How could they have raised the issue that you're talking about earlier before the answer and without giving up their right to challenge under 12b? You know, how could they have done what you would require them to do and you not making the claim that you're making now? Well, I think there's a difference between requiring what I want them to do. Let's concede for sake of discussion that we're wrong and that the rules allow, as Judge Kleinfeld says, this defense to be brought later. Okay. I assume that. What I'm saying is that under the terms of the express waiver, in the language that was filed post-resolution of the statute of limitations claim, is an indication to the Court that they want to get on with the merits. We're just saying it's an express waiver. What about now your client has been released from custody, right? He has. Why is this not moved at this point? I mean, what relief is he seeking at this point? Well, I think he would seek relief from collateral consequences of the conviction. It's in the nature of a substantial and grievous conviction. I don't know that I can answer the question beyond that. I think that there are risks. Well, but don't you have to be able to answer that question if you want relief? There are registration requirements for sex offenders. That's certainly a problem for him. In various jurisdictions throughout the United States, this conviction will follow him wherever he goes. I think that label in and of itself is a significant, substantial collateral consequence. He indicates that he has to register or not depends on whether he wins this habeas. I believe so, Your Honor. Yes. On the express waiver, what they say is that they'd prefer to allow it to move forward in federal courts. The state, therefore, no longer wishes to pursue its opposition based on 2244-D-1 and wants seven days to file an answer or other appropriate response. Is that just statute of limitations, 2244-D-1? Well, the argument, Your Honor, is that it is not. Certainly there's an express reference to it. I don't have the statute in front of me right now. Oh, I'm sorry. You mean substantively? Yes. It is indeed, Your Honor. Yes. Okay. Well, it looks like it's moving forward in federal courts, and here it is. Why is it broader? Why is the waiver broader than the statute of limitations? The waiver is broader because it doesn't limit itself to the statute of limitations aspect. It says expressly that the government wants, the State of Montana wants the matter to move through the federal courts. That indicates on the merits. That's what we've argued in the blue brief. And, therefore, it was an express waiver. Could you help me on one more thing? It doesn't affect the outcome, but I just don't understand it, frankly. The man was sentenced to 23 years in 1991. What's he doing out? Your Honor, I'd only be able to answer that question from institutional knowledge of the State court system, but I can tell you that unlike our federal sentencing guidelines, they have extreme sentences and keep people on paper for considerable periods of time. The actual time in incarceration is governed by a parole system. There's good time that can be had, extreme good time that can be had. It's ordinarily one-third like it used to be? It is, Your Honor. I get it. Yeah, it is. Now, the – I do have just a few minutes here. I did want to spend a little time on the procedural default analysis of the district court on the ineffective assistance of counsel claim. I think irrespective of the waiver issue that we're talking about, the district court went ahead and the magistrate judge made a determination that the IAC claim, namely the claim involving Mr. Morrison's relationship with his counsel, was ruled unexhausted and procedurally defaulted. And we brought that forward as a non-certified claim. I had filed a motion for broader certification. I think at the time that's what the rule required. And I want to make a case for that real quick if I could. It seems – Let me ask you, is there – was there any language in the briefs filed in the State Court that fairly presented this ineffective assistance of counsel claim? Your Honor, we tried to address that in part of our briefing. The argument there is, Your Honor, that the citing of the case of State v. Albrecht contained express decisions from this Court involving this issue. And that it would have put any reasonable court on notice that the man was having a Sixth Amendment problem and that he petitioned the trial court judge to please get to the bottom of it. I think categorically it's true that the record indicates here that other than send the complaint letter that was written by Mr. Morrison to the defense counsel, that's all that was done. You know, I'm not sure I've got the right complaint. It looked like what it was was Morrison writing a letter to the judge saying his lawyer's not doing his job because his lawyer hasn't been in touch with him for a month, but it's four months before trial. And I'm thinking when I read it, what more is there to do except send the letter to the lawyer and he can hold his client's hand one day? Well, I guess, Your Honor, there – I would respectfully disagree. I think that he had a fairly specific complaint that he registered with the trial court judge, and I think it was – Was that the complaint? Am I looking at the right thing? You are, Your Honor. You are. And he – I think it was beyond just sending the letter. There should have been something more, especially given the fact that there was disagreement later in time about what witnesses should have been called, how the case should have been investigated. It's common in my practice in Federal court – But was that argued on direct appeal? I mean, that was before the trial court, right? That was before the trial court. And it wasn't argued on direct appeal, was it? Well, we believe that it was, Your Honor, that it was specifically raised in direct appeal, and that State v. Albrecht covered the point. It cited United States v. Allen and Brown v. Craven, a decision from this Court that dealt specifically with problems between lawyer and client. Later decisions of this Court, which I didn't cite, are pretty clear about getting to the bottom of these kinds of issues. Why would the State court have done any more than it did? There's not much to do, usually, in a criminal case four months before trial. Your Honor, I – the only way I can answer that is, is that we believe that the law required a bigger record on this. It seems like the man's being faulted for not bringing forward a record. I'm trying to think of what to do. I'm remembering my own criminal defense practice, and if the trial was that long in the future, there just was nothing to do, really. I guess in closing down here, it seems like he's being faulted for not having a record, but yet he was given no opportunity to make one. I'll leave it there. Thank you, Your Honor. Thank you, counsel. Counsel? May it please the Court, my name is Carol Schmidt, and I'm Assistant Attorney General for the State of Montana, and I'm here representing – I'm having trouble hearing you. Could you speak louder and slower? Thank you. I will. May it please the Court, my name is Carol Schmidt, and I'm Assistant Attorney General for the State of Montana, and I'm here representing the Respondent and Appellee, Mr. Michael Mahoney. I would like to first address the issues certified on appeal. First of all, the State did not expressly waive the defense of procedural default. The State maintains that it's simply wishful thinking. At that point, the State waived any statute of limitations claim based upon the one-year statute of limitations. It wanted to then address the merits of the claim, whether that included the merits or the defenses that would be raised in response. So it wanted to address the petition, but not necessarily all the merits. And that's why it took the opportunity in its answer to raise all the defenses at that time  In all the case law that addressed this simply require that the State must raise this defense in the district court. All the case law that states that the State has waived it has done so because the State waited until it got to the Court of Appeals or even the United States Supreme Court before it raised it. Is there any case that specifically addresses your issue where you raise it for the first time after remand? No, I cannot find any cases that address that. It all dealt with once they reached the Circuit Court of Appeals and then they raised it. Also, under the Federal Rules of Civil Procedure, there's nothing under that that requires the State to file the procedural default defense along with its motion to dismiss based upon the statute of limitations. Do you happen to have researched ordinary civil litigation as opposed to habeas litigation where motions are made based on affirmative defenses after a remand? I've tried to. The Federal Rules of Civil Procedure are not a perfect fit for the habeas cases. However, all the research that I've come across, you know, I can most... Generally in habeas, you get less than you would in an ordinary civil case if you're the plaintiff or petitioner. Right. And so how I've most made the analogies was that a motion to dismiss based upon a statute of limitations is most similar to a motion to dismiss based upon lack of jurisdiction because in both of those cases, the... I get it. You do motions to dismiss based on statute of limitations in ordinary auto accident cases. It seems like it's just the same. Well, I just... Then I didn't come across those cases. I didn't then specifically look at those cases. Okay. But nonetheless, it seems to be very similar that those are similar in that you would raise those motions first before you would address the response of pleading or file the response of pleading because in both cases, you would not even get to the merits of the case. You wouldn't even have to look at the petition. So that's why that would be most efficient to address those motions prior to the response of pleading and addressing the merits. Also, the magistrate judge noted that the procedural default defense is similar to dismissal for lack of... For failure to state a claim. And under this, this can be brought up at any time under Rule 12H2. In addition, Mr. Morrison's counsel has been unable to demonstrate prejudice in this case. Once the state filed its answer, Mr. Morrison's counsel was able to reply and demonstrate cause and prejudice, and he did not do so. Or he was also able to demonstrate a miscarriage of justice, but he did not do that in this case either. Next, I would like to address the issue of whether this Court should grant Mr. Morrison's motion for broader certification in light of the standards. The first, the magistrate judge noted that the specific contention that Mr. Morrison's counsel raised was whether a hearing should have been had in district court, and more specifically, whether he had made a substantial complaint under the State Case State v. Enright. And as the magistrate judge correctly determined, he did not fairly present this to the district court. He did have counsel throughout the trial court proceedings, and they made a strategic choice and a deliberate choice to argue that under Montana law, he should have had a hearing. Although he argues that these cases bring to mind the Sixth Amendment right to counsel, nonetheless, it was not fairly presented in the Montana Supreme Court. And the mere similarity of claims is not sufficient to exhaust and to avoid being procedurally barred. However, this Court nonetheless addresses the merits of these claims, that Mr. Morrison did not reasonably submit a substantial complaint that would require a hearing. And it was not this decision by the Montana Supreme Court was not contrary to an unreasonable application of federal law as determined by the United States Supreme Court. In addition, Mr. Morrison is unable to establish that a Montana Supreme Court decision was based on an unreasonable determination of facts in light of the evidence presented in the district court. And unless this Court has any other questions. Thank you, counsel. I just say in conclusion, the State would request that this Court affirm the lower court's ruling and deny Mr. Morrison's petition for habeas corpus relief. Thank you, counsel. Morrison v. Mahoney is submitted. We'll hear United States v. Yu and Yim. On this one, there are separate counsel for Yu and Yim. And I wonder whether you've agreed on a division. Usually we wind up using up all the time on the first lawyer. And if you like, I'll ask the clerk to set the clock for ten minutes each or whatever you want. Yes, Your Honor. Mr. Gallagher and I have worked together, and I'm going to take ten minutes and he's going to take ten minutes. Could the clerk count down from ten on each defense counsel? Go ahead, counsel. I thought you were going to throw something at me. My name is Palmer Huvestal. I'm an attorney from Helena, Montana, and I'm appearing in this matter on behalf of Chang
judges: Hall, Kleinfeld, Callahan